## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal Case No. 0419 1:14CR00002-001 |
| | ) | |
| | ) | |
| Michael Dale Bowen | ) | |
| Defendant | ) | |

## AGREED ORDER AND JUDGMENT
## TO REVOKE SUPERVISED RELEASE

Upon petition of the U.S. Probation Office, joined herein by the United States and the defendant, to revoke the supervised release of defendant Michael Dale Bowen and for good cause shown therein, and also based on agreement of the parties as set forth herein:

## AGREEMENT OF UNITED STATES AND DEFENDANT

The defendant agrees and stipulates that he/she has violated the terms and conditions of supervised release in the following respects:

**1. DRUG/ALCOHOL USE** (Date violation concluded: 11/4/2020).

The defendant has violated the condition of supervision that states, "The defendant shall refrain from excessive use of alcohol and shall not unlawfully purchase, possess, use, distribute or administer any narcotic or controlled substance or any psychoactive substances (including, but not limited to, synthetic marijuana, bath salts) that impair a person's physical or mental functioning, whether or not intended for human consumption, or any paraphernalia related to such substances, except as duly prescribed by a licensed medical practitioner," (a) in that, on 1/20/2020 a urine sample was collected from the defendant that yielded a positive result for amphetamine. A confirmation test was submitted to Alere and confirmed the sample was positive for methamphetamine.

1

(b) In that, on 2/21/2020 a urine sample was collected from the defendant that yielded a positive result for amphetamine. A confirmation test was submitted to Alere and confirmed the sample was positive for methamphetamine.

(c) In that, on 6/15/2020 a urine sample was collected from the defendant that yielded a positive result for amphetamine. A confirmation test was submitted to Alere and confirmed the sample was positive for methamphetamine.

(d) In that, on 7/20/2020 a urine sample was collected from the defendant that yielded a positive result for amphetamine. A confirmation test was submitted to Alere and confirmed the sample was positive for methamphetamine.

(e) In that, on 8/25/2020 a urine sample was collected from the defendant that yielded a positive result for amphetamine. A confirmation test was submitted to Alere and confirmed the sample was positive for methamphetamine.

(f) In that, on 9/10/2020 a urine sample was collected from the defendant that yielded a positive result for amphetamine. A confirmation test was submitted to Alere and confirmed the sample was positive for methamphetamine.

(g) In that, on 9/28/2020 a urine sample was collected from the defendant that yielded a positive result for amphetamine. A confirmation test was submitted to Alere and confirmed the sample was positive for methamphetamine.

(h) In that, on 10/21/2020 a urine sample was collected from the defendant that yielded a positive result for amphetamine. A confirmation test was submitted to Alere and confirmed the sample was positive for methamphetamine.

(i) In that, on 10/28/2020, a urine sample was collected from the defendant that yielded a positive result for amphetamine. A confirmation test was submitted to Alere and confirmed the sample was positive for methamphetamine.

(j) In that, on 11/4/2020 a urine sample was collected from the defendant that yielded a positive result for amphetamine. - **GRADE C VIOLATION**

The parties stipulate, pursuant to Chapter 7 Policy Statements, U.S. Sentencing Guidelines, that the defendant's violation is a maximum Grade C and that the defendant has a Criminal History Category of II.

The parties stipulate, based on U.S.S.G. §7B1.4, that the Guidelines range of imprisonment for a Grade C violation and a Criminal History Category of II is a term of imprisonment from 4 to 10 months.

The parties agree, pursuant to Rules 11(c)(1)(C) and 32.1, Federal Rules of Criminal Procedure, that the Court should revoke supervised release and order the defendant to be imprisoned for a period of **6 months**. If the Court rejects this sentencing agreement, the defendant has the right to withdraw from this Agreed Order and have an evidentiary hearing on the petition for revocation of supervised release.

## DEFENDANT'S ACKNOWLEDGMENT AND WAIVER

The defendant acknowledges that he/she is admitting the violations of supervised release because he/she did, in fact, violate the conditions of supervised release set forth above.

The defendant acknowledges that he/she has had an opportunity 1) to review the written notice of the alleged violations of supervised release and 2) to review the evidence against him/her related to those alleged violations.

3

The defendant further acknowledges that he/she is aware of the following rights and is knowingly waiving these rights in exchange for the agreed sentence:

1) The opportunity to appear personally, present evidence, and question adverse witnesses at a revocation hearing; and

2) The opportunity to make a statement personally to the Court in mitigation of sentence and to present mitigating evidence to the Court.

If the Court accepts the agreed sentence, the defendant knowingly waives the right to contest the revocation of supervised release and the defendant's sentence in any appeal or post-conviction action. Claims of (1) ineffective assistance of counsel and (2) prosecutorial misconduct, and those claims only, are exempt from this waiver.

The defendant acknowledges that the Court may impose conditions of supervised release different from or in addition to those that were imposed in the original sentencing order.

### AGREED SENTENCE

Upon agreement of the parties as set forth above, it is hereby ORDERED that the previously imposed period of supervised release is REVOKED.

It is further ORDERED that the defendant Michael Dale Bowen be and is hereby SENTENCED to a term of imprisonment of **SIX (6) months** on Count 1s of the Judgement entered on March 11, 2008.

It is further ORDERED that no additional term of supervised release is ORDERED following defendant's release from imprisonment.

4

So ORDERED and ADJUDGED, this the 6 day of January , 20 21 .

Martin Reidinger
Chief U.S. District Court Judge

**APPROVED**

_____
Michael Dale Bowen
Defendant

_____
Assistant Federal Public Defender
Attorney for Defendant

DAVID THORNELOE  Digitally signed by DAVID THORNELOE
                 Date: 2021.01.05 10:46:02 -05'00'
_____
Assistant United States Attorney
David A. Thorneloe

_____
Joel Taylor
Supervisory U.S. Probation Officer

_____
Jenny Whiteside
Probation Officer

5